Case 14-00307    Doc 8    Filed 06/09/14    Entered 06/10/14 06:52:24    Desc Main
Document    Page 1 of 3

14-00307:5.0:Proposed Findings of Fact and Conclusions of Law:Main Document Entered: 6/4/2014 8:01:42 PM by:Monica Morariu Page 1 of 3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | CASE NO. 14 B 11033 |
| ) | Hon. Judge Schmetterer |
| Jaime R Maldonado and Dolores Maldonado ) | CHAPTER 13 |
| Debtors. ) | |
| _____ ) | |
| ) | |
| Jaime R Maldonado and Dolores Maldonado ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | ADV. NO. 14 AP 00307 |
| ) | |
| Green Tree Servicing, LLC ) | |
| ) | |
| Defendant. ) | |

## PROPOSED FINDINGS FACT AND CONCLUSIONS OF LAW

### A. The Parties

1. The Plaintiffs are Jaime R Maldonado and Dolores Maldonado ("Plaintiffs").

2. The Defendant is Green Tree Servicing, LLC ("Defendant").

### B. Factual Background

1. On March 26, 2014, the Plaintiffs filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2. Plaintiffs own the real estate commonly known as 317 Thelma Ct., Wheeling, IL 60090.

3. That Select Portfolio Servicing, Inc holds a first mortgage lien on the real property commonly known as 317 Thelma Ct., Wheeling, IL 60090 with a secured claim of $269,520.29 pursuant Plaintiffs' recent credit report.

4. The Defendant holds and/or services a second mortgage lien on the real property commonly known as 317 Thelma Ct., Wheeling, IL 60090 with a secured claim of $54,217.85 pursuant to Plaintiffs' recent credit report.

5. On March 21, 2014, William A Jackson of William Jackson Appraisals performed a residential real estate appraisal on Plaintiffs' property. Said appraisal reflects the value of 317 Thelma Ct., Wheeling, IL 60090 to be $195,000.00.

6. The Modified Chapter 13 Plan filed on April 16, 2014 provides that Plaintiffs will make month payments to the Chapter 13 Trustee in the amount of $1275.00 per month for 36 months.

7. Under the Chapter 13 Plan, general unsecured creditors will be paid 10% of their allowed claims.

8. On May 3, 2014, Plaintiffs issued a Summons and Complaint pursuant to 11. U.S.C. § 506(a) and Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiff's property located at 317 Thelma Ct., Wheeling, IL 60090.

9. That on May 3, 2014, a copy of the summons and complaint was served in accordance with Fed. R. Bank. P. 7004 *via certified mail*, postage prepaid to:

    a. Green Tree Servicing, LLC, Keith Anderson, President, 345 St. Peter Street, 300 Landmark, St. Paul, MN 55102; *and*

    b. CT Corporation System, registered agent for Green Tree Servicing, LLC 208 S La Salle Street, Suite 814, Chicago, IL 60604.

10. The Summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

11. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

12. No evidence has been presented to challenge the property value of $195,000.00.

13. The first secured claim of Select Portfolio Servicing, Inc. in the amount of $269,520.59 exhausts the value and equity in Plaintiffs' residence.

14. There is no value and equity to support the claim of the Defendant.

## CONCLUSIONS OF LAW

A. **Jurisdiction**

   1. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).

   2. This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

   3. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

B. **Argument**

   1. This action was initiated under 11 U.S.C. 506(a) and Fed. R. Bank. P 3012.

2. The Plaintiffs scheduled the first secured claim of Select Portfolio Servicing, Inc in the amount of $269,520.59 and the second secured claim of Green Tree Servicing, LLC, in the amount of $54,217.85.

3. The value of Plaintiffs' residence is $195,000.00.

4. The first mortgage lien of $269,520.59. exceeds the value of the subject property, $195,000.00.

5. Under 11 U.S.C. §§ 506(a) and 506(d), Defendant's junior mortgage lien would be allowed a secured claim to the extent of the value of the estate's interest in the property securing the claim, and Defendant's lien is void to the extent it is not allowed a secured claim. If the Debtors' Chapter 13 Bankruptcy case is dismissed then any lien voided under § 506(d) is reinstated. 11 U.S.C. § 349(b)(1)(C).

6. A majority of circuit courts hold that a wholly unsecured junior mortgage is subject to strip off pursuant to 11 U.S.C. § 506(d), notwithstanding the anti-modification protection afforded holders of home mortgages in 11 U.S.C. § 1322(b). *See Nobleman v. American Savings Bank*, 508 U.S. 324 (1993).

7. Because the second junior mortgage lien held by Defendant is wholly unsecured, it should not be allowed a secured claim and the second junior mortgage lien may be stripped off. *See Pond v. Farm Specialist Realty (In re Pond)*, 252 F.3d 122 (2nd Cir. 2001); *McDonald v Master Fin., Inc (In re McDonald)*, 205 F.3d 606 (3 rd Cir.2000); *Bartee v. Tara Colony Homeowners Association (In re Bartee)*, 212 F. 3d 277 (5th Cir. 2000); *In re Tanner*, 217 F. 3d 1357 (11th Cir. 2000); *Zimmer v. PSB Lending Corp.*, 313 F.3d 1220 (9th Cir. 2002); *In re Lane*, 280 F. 3d 663 (6th Cir. 2002).

Dated: 6/9/14

Enter:

United States Bankruptcy Judge

Citizens Law Group, Ltd.
Attorney for Debtor/Plaintiff
2101 West Division
Chicago, IL 60622